BALTIMORE TRUST COMPANY, a corporation of the State of Delaware,

*vs.*

WILLIAM TRACY HOLLAND, DOROTHY LEE INSLEY and POLLY LEE PHILLIPS, Executors under the Last Will and Testament of Lee W. Insley, deceased, and Dorothy Lee Insley, widow of Lee W. Insley.

*Sussex, January 11, 1952.*

*Caleb M. Wright,* for plaintiff.

*Isaac D. Short, 2d,* for defendant Dorothy Lee Insley.

*Robert W. Tunnell* and *Samuel R. Russell,* of Tunnell & Tunnell, for defendant-executors.

SEITZ, Chancellor: The court is required to resolve conflicting claims to the net proceeds of a mortgage held of record by a husband and wife.

On October 9, 1945, The Henlopen Hotel and Surf Club Inc. conveyed a certain parcel of land and the building thereon in Rehoboth, Delaware to Lee W. Insley and James S. Banks. On June 24, 1946, Lee W. Insley and Dorothy Lee Insley, his wife and James S. Banks and Florence E. Banks, his wife conveyed such land to The Hotel Henlopen, Inc. The wives were joined to release their inchoate dower rights. To secure part of the purchase price of the land, The Hotel Henlopen, Inc. on the same day executed and delivered a mortgage on the land to "Lee W. Insley and Dorothy Lee Insley, his wife," and James S. Banks and Florence E. Banks, his wife. On the same day the mortgagees assigned it to the Baltimore Trust Company. The assignee subsequently foreclosed the mortgage, and ultimately had in its hands a sum of the money to which the mortgagees were entitled. The assignee distributed one-half of this sum to James S. Banks and his wife.

On November 18, 1949, Lee W. Insley died. Demand was made upon the assignee by his executors to pay the remaining one-half of the proceeds to them. Thereafter Dorothy Lee Insley, widow of Lee W. Insley, made demand upon the assignee to pay such money to her. The assignee filed an interpleader action and this is the decision, after final hearing, on the conflicting claims of the executors and the widow to the money held by it.

Before considering the issue posed, I shall first pass upon the objections raised at the hearing to some of the testimony. It was understood that the rulings would be made at the time of the decision. Claimant Dorothy Lee Insley con-

tends that the testimony of H. Albert Young, Esq., James S. Banks and statements of counsel relative to the reasons for naming Florence E. Banks and Dorothy Lee Insley parties to the mortgage are wholly immaterial because the court may not look behind the language of the mortgage. I need hardly say that such statements of counsel are not evidence. As to the testimony, it seems to me that it is admissible as tending to substantiate the executors' theory that a mistake was made to the extent it may be inferred that the mortgage gives Mrs. Insley any interest. This court may always grant relief in an appropriate case of mistake. Compare *Socol v. King*, (*Cal.App.*,) 217 *P.2d* 85.

■■ Mrs. Insley's counsel also objected to the admission of certain documents. The court also agreed to rule upon them at the time of the decision. They are:

(1) Letter of Caleb Wright, Esq. to Baltimore Trust Co. dated July 11, 1946. This document is not relevant to any issue here presented and it will be stricken.

(2) Letter of Lee Insley, Dorothy Lee Insley, James S. Banks and Florence E. Banks to Baltimore Trust Co. dated June 24, 1946. This document was clearly admissible because it was signed, *inter alia*, by Mrs. Insley and deals with the very mortgage here involved. The question of its proper construction and use will be considered later herein.

(3) Undated letter from Baltimore Trust Co. to Lee W. Insley and Dorothy Lee Insley. This letter is an acknowledgment of the letter of June 24, 1946 to the trust company. It is relevant and the objection to its admissibility is overruled.

(4) Copy of letter of Gerould M. Rumble, Esq. to Sidney Banks dated February 6, 1947 and found among Mr. Insley's effects after his death. While it was not shown that the objecting claimant Mrs. Insley had any knowledge of this letter, it is pertinent to the issue as to whether Mr. Insley intended his wife to share in the mortgage. The letter is admissible on the question of mistake.

(5) Mrs. Insley's Exhibit 1 is admitted because, in my opinion, it shows that the request of the attorney for the assignee that Mrs. Insley be joined was based on a mistake apart from the law, viz., his belief that she was a party to the title to the realty.

Dorothy Lee Insley, the widow, contends "that the bare fact that the title to the mortgage was taken in the joint name of herself and her husband created an estate by the entirety therein and that any question of intention or purpose on the part of her husband is wholly immaterial." As might be expected, the executors contend that the court may look behind the recitals and determine whether an intention to create an estate other than by the entirety existed. The executors also urge that Mrs. Insley's name was added to the mortgage under the belief that it was legally necessary; that Mr. Insley did not intend thereby to grant Mrs. Insley any interest in the mortgage. His executors claim they are entitled to relief to the extent such mortgage fails to reflect that intention.

While much argument has been devoted to the question as to whether or not the court should consider evidence tending to show an intention contrary to that appearing in the mortgage itself, it seems to me that this is simply a case of mistake. The Delaware attorney for the mortgagor was instructed to draw a mortgage and was told that it was to be a "purchase money" mortgage. The Delaware attorney for the assignee joined in its preparation. These attorneys believed that the mortgagees in a purchase money mortgage were required to be the same parties as were the grantors in the deed. Thus, the wives were added as parties to the mortgage. It clearly appears, however, that the wives joined solely to release their inchoate dower rights. It also appears that one of these same Delaware attorneys was under the misapprehension that the wives had in fact been tenants by the entireties of the property which they conveyed to the mortgagor. As stated, this was not true in fact.

I infer from the testimony that Mr. Insley in allowing his wife to be named a party did not intend to give her an interest in the mortgage. Thus, the letter of June 24, 1946, signed, *inter alia,* by Mrs. Insley, directing the assignee to make any payments to Mr. Banks and Mr. Insley, when read with the Rumble letter of February 6, 1947, adds substance to the executors' contention that the wives were not to have an interest in the mortgage. This is so because it was believed by Mr. Rumble[1], the attorney for Mr. Insley, that the June 24th letter would remove any doubt as to the owner of the mortgage. Although it did not have that effect, nevertheless, it was so intended and this confirms the fact that Mr. Insley did not intend that she should have any interest under the mortgage. The misapprehension of the attorney for the assignee as to Mrs. Insley's original ownership interest compounded the mistake. It is also noteworthy that the Rumble letter was written long before there was a default on the mortgage.

The admissible evidence, fairly read, shows that Mr. Insley consented to have his wife named as a party to the mortgage because the Delaware attorneys mentioned (the mortgagees did not have Delaware counsel) said that it was necessary in order to give the instrument validity as a purchase money mortgage. This advice was erroneous because the wives were *only releasing their inchoate right of dower when they joined* in the conveyance. They were not "vendors" as that term is employed in the purchase money mortgage statute and so were not necessary parties to the purchase money mortgage.

Because of the mistakes mentioned, the mortgage gave Mrs. Insley an interest therein. In consequence it mistakenly reflected Mr. Insley's mental condition. See generally 3 *Pomeroy's Equity Jurisprudence,* (5th Ed.Symons) § 839; *Restatement of Restitution,* § 6. The appeal to grant relief from these multiple mistakes is greater here because

---

[1] Not a Delaware attorney.

the adverse claimant is claiming by way of gift. This is said with all deference to the fact that in effect she is claiming against her husband. No question of detrimental reliance is involved.

I conclude that the interest purportedly obtained by Mrs. Insley under the mortgage was the result of mistake. The executors should have appropriate relief. The pleadings, if need be, will be amended to reflect my conclusion. The ultimate conclusion is, of course, that the executors are entitled to the entire balance after payment of costs.

Order on notice.